308

District Court, N. D. Georgia, Atlanta Division.

July 11, 1931.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

The petitioner in this case was, on March 5, 1928, convicted in the United States District Court for the Northern District of Ohio, on an indictment in two counts alleging violations of the National Motor Vehicle Theft Act (18 USCA § 408), the first charging the unlawful transportation in interstate commerce of a stolen automobile from Cleveland, Ohio, to Pittsburgh, Pennsylvania, and the second charging the unlawful sale of the same automobile in Pittsburgh, Pennsylvania.

The court sentenced petitioner to a term of five years and a fine of $5,000 on the first count; and a term of three years and a fine of $3,000 on the second count.

Petitioner alleges the invalidity of the sentence on the second count on the ground that the trial was not held in the state and district where the crime was committed.

Under both article 3, § 2, cl. 3, of the Constitution of the United States, and the Sixth Amendment thereto, petitioner could be tried only in the state and district where the crime charged was committed.

The indictment shows that the sale of the automobile was made in Pittsburgh, Pennsylvania, without the district of the court passing the sentence.

The National Motor Vehicle Theft Act (18 USCA § 408) provides that: "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Any person violating this section may be punished in any district in or through which such motor vehicle has been transported or removed by such offender."

The last clause providing that any person may be punished in any district through which the vehicle has been transported is properly applicable to the offense of transporting a stolen automobile in interstate commerce, and is valid because the offense is actually committed in any district through which the automobile is being transported; but this clause cannot be construed to apply to the sale of such automobile unless the sale was made in the district where the crime is being prosecuted, without rendering such clause unconstitutional to that extent.

Whether this clause be construed to refer only to the provisions of the act relating to the transportation of automobiles, or be construed to refer to the sale of same outside

of the district where the trial is had, and unconstitutional to that extent, petitioner's trial and conviction on the second count were, in either event, illegal and void, because the trial court had no jurisdiction over the offense charged in this count.

Petitioner's confinement under sentence of the court on the second count would, therefore, be unlawful, and, when he has completed the sentence imposed under the first count, he should be released.

It is so ordered.