## UNITED STATES v. LEVY.

### No. 8881.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 4, 1945.

Decided Feb. 12, 1946.

Rehearing Denied March 26, 1946.

Samuel Kagle, of Philadelphia, Pa., for appellant.

Joseph E. Gold, of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before ALBERT LEE STEPHENS, MARIS, and GOODRICH, Circuit Judges.

STEPHENS, Circuit Judge.

In an indictment containing seven counts Levy was charged with the violation of the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 904, and of Maximum Price Regulations 193 and 445. The defendant was found guilty of four counts by the jury, and sentence was imposed upon him. He appeals.

Appellant claims first that he was indicted for crimes which, if committed at all, were committed in New York City and therefore could not properly be tried in the Eastern District of Pennsylvania. The evidence shows that appellant and others originally discussed in Philadelphia, Pennsylvania, sales of, quantities of, and prices to be paid for whiskey. It was agreed that the whiskey should be shipped at ceiling price, sight draft bill of lading; payments in excess of the authorized maximum prices were to be made in cash at a later time. Actually, the over-ceiling amounts were in every instance paid to appellant in New York City.

The Emergency Price Control Act of 1942 specifically includes the venue rule, 50 U.S.C.A.Appendix, § 925(c), that: "Such criminal proceedings may be brought in any district in which any part of any act or transaction constituting the violation occurred."

According to appellant's argument the only criminal conduct charged in the indictment consisted of the over-ceiling-price payments, and those were made in New York City. His view is that there was no criminality in the preliminary discussions at Philadelphia, and therefore that no jurisdiction over his "act * * * constituting the violation" attached in the district court of that area. He insists that the offense charged in the instant case, namely an unlawful sale, was not an ambulatory offense, was not divisible, so as to permit concurrent jurisdiction in courts of different districts, citing United States v. Lombardo, 1916, 241 U.S. 73, 76-79, 36 S.Ct. 508, 60 L.Ed. 897; United States v. Zeuli, 2 Cir., 1943, 137 F.2d 845, 847; United States v. Liss, 2 Cir., 1943, 137 F.2d 995, 1006; Reass v. United States, 4 Cir., 1938, 99 F.2d 752; Hagner v. United States, 1931, 60 App.D.C. 335, 54 F.2d 446, 447; Conley v. United States, 4 Cir., 1928, 23 F. 2d 226, 228; Ventimiglia v. Aderhold, D.C. Ga., 1931, 51 F.2d 308. We find no fault with the cited cases, but the facts before us do not fit the legal theory developed therein.

It appears that appellant was a party to an agreement entered into by himself and others in Philadelphia to sell whisky at over-ceiling prices, the quantities and delivery dates to be arranged later. The agreement was fulfilled, and over-ceiling payments were made in New York. It is pure sophistry to argue that the venue rule above quoted does not afford the district court sitting in Philadelphia jurisdiction of the case.

Along the same line appellant claims that there is a fatal variance between indictment and proof in that the indictment charged sales of whiskey at over-ceiling prices in Philadelphia whereas the

proof showed in Philadelphia only an agreement or conspiracy to sell. The Judicial Code, § 42, 28 U.S.C.A. § 103, fixes a general rule that "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein." The statute covers the situation herein where the offenses were partially committed in Philadelphia and concluded in New York. Under the statute there was no fatal variance. In addition, there is nothing to indicate that strict conformance with the statute has affected appellant's rights prejudicially. Berger v. United States, 1935, 295 U.S. 78, 82-84, 55 S.Ct. 629, 79 L.Ed. 1314; Cromer v. United States, 1944, 78 U.S.App. D.C. 400, 142 F.2d 697, 698; Panella v. United States, 4 Cir., 1944, 140 F.2d 71.

The government agents, in effect, assured three principal government witnesses that no prosecution as to them would follow their testifying as to certain black market transactions.[1] The witnesses themselves denied the making of any agreements as to immunity from trial. However, the government admitted the immunity agreements, and the trial court instructed the jury that, so far as the incidents herein in issue were concerned, the three witnesses had undoubtedly been given immunity. Appellant insists that, since no statute authorizes the giving of immunity in the circumstances, the testimony of the three witnesses was unlawfully secured and that in accordance with Nardone v. United States, 1937, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314, and 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, the admission into evidence of testimony given by these witnesses constitutes reversible error. The Nardone decisions are not in point as they are based upon a specific statutory prohibition whereas a grant of immunity as in the instant case is not condemned by statute and the resulting evidence is not obtained in violation of any legal rights.

■ Since ancient times government officials have been granting accomplices immunity from prosecution in return for testimony as to criminal transactions. In the United States the courts have held that only an equitable right to immunity exists unless a statute expressly authorizes a grant of immunity in the particular situation. Whiskey Cases, 1878, 99 U.S. 594, 25 L.Ed. 399; Mattes v. United States, 3 Cir., 1935, 79 F.2d 127; United States v. Weinberg, 2 Cir., 1933, 65 F.2d 394; Sherwin v. United States, 5 Cir., 1924, 297 F. 704. Indirectly, the cases establish the right of a government to grant immunity in the absence of specific statutory authority therefor. We hold that the admission of the testimony of the three witnesses who were promised immunity was not error.

■ The wife of a principal government witness testified in corroboration of his testimony that he had made side money payments to appellant. Appellant contends that her testimony incriminated her husband as an accomplice in the crime and that therefore she was not a competent witness. The husband had previously taken the stand voluntarily and had revealed his connection with the criminal transactions. His wife then testified concerning the same matters, and her husband made no objection.

Funk v. United States, 1933, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136, and the cases therein relied upon, develop a policy toward liberality in the admission of testimony leaving its value to the determination of jury or court. Where a husband is permitted to incriminate himself (and his competency in that respect is not questioned herein), there can be no logical reason why his wife can not testify to the same effect where he makes no objection. The "manifest incongruity" of permitting the husband to speak while compelling the wife to remain silent is as apparent in the circumstances of the instant case as it was to the Supreme Court in the Funk case, supra. We hold that the admission of the wife's testimony was not error.

■ An instruction was requested by appellant that the testimony of the three, principal, government witnesses was "im-

[1] Taylor was promised by the Alcohol Tax Unit in the Atlanta District that, if he became a government witness, no prosecution would be brought against him in the United States in any alcohol black market cases. Shapiro and Blancand were told by a representative of the Alcohol Tax Unit in New York that the government was not seeking to prosecute the middlemen such as Shapiro and Blancand in the alcohol black market transactions but the men who put the liquor on the market in the first instance.

peached" by their admissions of participation in prior criminal acts. The request was properly refused as it is not the province of the court, but of the jury, to determine the credibility of witnesses.

Delaney v. United States, 3 Cir., 1935, 77 F.2d 916, 917, relied upon by appellant, is not in point. There the requested instruction merely advised the jury to consider the witness' previous plea of guilty of a crime; the jury was not told that such prior admission of guilt impeached the testimony of the witness. Furthermore, in the instant case the jury was instructed in some detail not to believe the testimony of the three witnesses if they were unsatisfactory in any respect. The instruction was sufficient.

■ Appellant also requested an instruction that, according to the testimony of the same three government witnesses, they had received no promise or expectation of immunity, and that the jury would be justified in rejecting their testimony entirely if the jury thought the statements as to immunity false. The trial judge discussed at length the subject of perjured testimony, of immunity, and of the witnesses' position as accomplices. The decision as to credibility of the witnesses was properly left with the jury.

■ In his instructions to the jury the trial judge did not describe the offenses charged in the indictment. He did not even mention the pertinent provisions of the Emergency Price Control Act of 1942, as amended or of Maximum Price Regulations 193 and 445. The various counts in the indictment charged briefly that defendant "did willfully, unlawfully, and knowingly sell" to a specified person, a certain amount of whiskey at a stated price, a price that was a certain sum in excess of the maximum price, stating the maximum price, "in violation of the Emergency Price Control Act of 1942 as amended, and contrary to the provisions of Maximum Price Regulation 193 [or 445 as the case might be], issued pursuant to the said Emergency Price Control Act of 1942 as amended, contrary to the form of the stat-

ute in such case made and provided and against the peace and dignity of the United States."

Appellant made no seasonable request for pertinent instructions; nonetheless he claims as error the trial court's failure to define and explain the offense charged.

Both parties agree that in a criminal case it is a court's duty to charge a jury on all essential questions of law, whether requested or not. Miller v. United States, 10 Cir., 1941, 120 F.2d 968, 972; Kinard v. United States, 1938, 68 App.D.C. 250, 96 F.2d 522, 524.[2] A trial court's judgment, of course, will rarely be reversed for failure to give instructions, in the absence of a seasonable request or exception. See detailed discussion in Stassi v. United States, 8 Cir., 1931, 50 F.2d 526. However, even though no request is made, a reversal is justified if the failure to instruct constitutes a basic and highly prejudicial error. Williams v. United States, 1942, 76 U.S.App.D.C. 299, 131 F.2d 21.

■ In the instant case the trial court's instructions to the jury did not contain the text of the applicable statute. They included no definite information as to the offense charged. Neither the provisions of the Price Control Act, the regulations under it, nor the substance of either, ever reached the jury. The court and counsel of both parties were thoroughly acquainted with the law which the defendant was accused of violating, but there is nothing in the record showing that the jury was ever informed as to such prime requisite. The indictment itself states the offense charged by reference to the applicable law but does not set it out in full, and even if the indictment were found to contain a sufficient statement of the offense, the record does not show that its text was ever furnished the jury. The indictment or information is not always handed to the jury upon its retirement for consideration of the case, and the law does not require it. Therefore, we are not at liberty to assume that this was done.

The case appears to have been tried to the jury upon the inadvertent assumption

[2] In Corson v. United States, 9 Cir., 1944, 147 F.2d 437, 438, the court held that the failure to instruct the jury concerning the applicable law was prejudicial error. Therein the jury was never informed, directly or indirectly, in indictment, testimony, instructions, or otherwise as to what constituted guilty conduct. As the court commented, page 438, of 147 F.2d "For all the jury was told about the applicable law, appellant may have been acting fully within his rights in what he did." The point had been seasonably made, but it is quite evident from a reading of the opinion that this circumstance had no part in directing the decision.

of both court and counsel that if the whiskey was sold above a certain price the sale would be illegal. But the basis for the illegality was never given the jury.

It was error of the highest degree to submit the case to the jury without adequate instructions as to the law allegedly violated by the defendant on trial and impels the reversal of the judgment.

Reversed.