George Douglas **LAFOON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16747.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1958.

George Douglas Lafoon, pro. per.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before CAMERON, JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellant was arrested in Colorado and brought to Texas. In the Tyler Division of the Eastern District of Texas he waived indictment, waived the right to counsel, entered a plea of guilty to each of the two counts of an information charging him with robbing a bank in Justin, Texas, and was sentenced to twenty years imprisonment on each count with the sentences to run concurrently. Justin is in the Sherman Division of the Eastern District of Texas. Thereafter he filed a motion under 28 U.S.C.A. § 2255 seeking to have the judgment and sentence vacated. The ground asserted is that he did not waive the venue of the Sherman Division. The order of the district court denying the motion is before us for review.

An accused has a constitutional right to a trial by jury in the state and district where the crime shall have been committed. Art. III, § 2, cl. 3, U.S.Const.; U.S.Const. Amend. VI. The right to be tried in the division is given by the Rules of Criminal Procedure which provide:

"Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in

which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed." Rule 18, Fed.Rules Crim.Proc., 18 U.S.C.A.

■ The right to be tried in the division as well as in the district where the offense was committed is a personal and technical right which can be waived. Silverberg v. United States, 5 Cir., 1925, 4 F.2d 908, certiorari denied 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168. The constitutional requirement for trial in the state and district of the offense does not apply to divisions within a district.

The filing of a plea of guilty operates as a waiver of the right to a trial in the division. McNealy v. Johnston, 9 Cir., 1938, 100 F.2d 280.

■ On his plea of guilty the appellant had no witnesses whose convenience would have been served by a trial in the division where the offense was committed, nor were jurors to be empaneled. Even though error had been committed, and we hold there was none, it would not have been prejudicial and hence not a ground for reversal. Rule 52(a), Fed. Rules Crim.Proc. 18 U.S.C.A.

The judgment is

Affirmed.