**John Russell HANSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17053.**

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1960.

John R. Hanson, appellant, in pro per.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Edward M. Medvene, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Appellant appeals from an order denying motion to vacate sentence and judgment. 28 U.S.C. § 2255. This court has jurisdiction on appeal. 28 U.S.C. § 1291.

Appellant had previously been convicted on twenty-one of twenty-two counts of an indictment charging him with making false income tax refund claims against the government. That conviction was affirmed by this court. 271 F.2d 791.

This motion below attacked the validity of but eight counts, affecting nine years of the total sentence. Nineteen years of the sentence is not attacked.

The sole legal question is whether appellant could and did waive any objection as to venue within the Central Division of

the Southern District of California for the United States District Court when the crimes listed in eight of the counts with which he was charged had been committed within the Northern Division of the Southern District for California.

The Constitution of the United States grants an accused the right to a trial within the state and federal district in which his offense was committed. (Article III, Section 2, Clause 3, and Sixth Amendment.) That right was here respected. The Federal Rules of Criminal Procedure state "trial shall be had" in the district or division "in which the offense was committed." [1] They further provide for trial "in any division," * * * "if the defendant consents." [2]

In passing upon a somewhat similar question based on differing facts, the Supreme Court has stated that "questions of venue raise deep issues of public policy in the light of which legislation must be construed." United States v. Cores, 1958, 356 U.S. 405, 407, 78 S.Ct. 875, 877, 2 L.Ed.2d 873, quoting United States v. Johnson, 1944, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236.

■ Recognizing that deep issues of public policy are involved, we see no reason why an accused may not intelligently, and when represented by counsel, consent to waive his right to a trial in a certain area as the statute provides. And this seems particularly true where the waiver applies merely to a statutory right, as distinguished from a constitutional right.[3]

In this position, we find support in several circuits. Bistram v. United States, 8 Cir., 1958, 253 F.2d 610; United States v. Choate, 5 Cir., 1960, 276 F.2d 724; Walker v. United States, 7 Cir., 1955, 218 F.2d 80.

Assuming a waiver can be made, we then reach the question—was there a waiver by appellant? Here no problem as to proper venue was raised by appellant at his trial below, or on his previous appeal to this court.

■ The general rule has long been that an objection as to venue must be raised before the government has completed its case. Rodd v. United States, 9 Cir., 1947, 165 F.2d 54, certiorari denied 334 U.S. 815, 68 S.Ct. 1070, 92 L.Ed. 1745; United States v. Brothman, 2 Cir., 1951, 191 F.2d 70. Some courts hold that objection must be made before the first witness is sworn, i. e., *before* trial. United States v. Jones, 2 Cir., 1947, 162 F.2d 72, 73. In Jones the court said: "A defendant, thus warned by the face of the indictment, of the improper venue, waives the error when he goes to trial without interposing an objection, as defendant did here." [4]

---

1. Fed.R.Crim.P. 18, 18 U.S.C.: "District and Division—Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed."

2. Fed.R.Crim.P. 19: "Transfer Within the District—In a district consisting of two or more divisions the arraignment may be had, a plea entered, the trial conducted or sentence imposed, if the defendant consents, in any division and at any time."

3. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 346, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; Lafoon v. United States, 5 Cir., 1958, 250 F.2d 958; Walker v. United States,

7 Cir., 1955, 218 F.2d 80; Stoppelli v. United States, 9 Cir., 1950, 183 F.2d 391, certiorari denied 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631.

4. The eight counts herein attacked are counts 2 and 3; 7 and 8; 12 and 13; 20 and 21 of the indictment. Each is similar in form, save as to differences in dates, check numbers, amounts, and names of payees, to counts 2 and 3, which read as follows:

"Count Two
"[U.S.C., Title 18, Sec. 495]
"On or about June 13, 1958, in Kern County, California, within the Northern Division of the Southern District of California, defendant John Russell Hanson knowingly and wilfully forged on United States Treasury Check number 16,366,-363, dated May 6, 1958, in the amount of $267.40, the endorsement and signature

■ Appellant urges that his timely motion for a directed verdict of acquittal preserved his right to venue. He relies on United States v. Borow, D.C.N.J.1951, 101 F.Supp. 211, 215. That case in turn relies on United States v. Johnson, 1944, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236. "The constitutional provisions as to venue assure the accused a trial in the place where the crime is committed." As we have seen, the *"place"* where this crime was committed was, *constitutionally speaking,* within the State of California, and the Southern District of California, and that is where appellant was here tried. The Constitution does not deal with divisions of the district courts.

In Borow, supra, it was charged that the false claim was mailed in New Jersey and delivered to the War Assets Administration in New York City, New York. Later, it was discovered there had been preparation of the letter, but no mailing, in New Jersey, and an in person delivery by defendant in New York. Judge Forman properly held there had been no "presentation" of the claim to the government (the one essential element of this crime) in New Jersey, the state and district court in which the judge was then sitting. Thus, Judge Forman had before him a constitutional question that is not presented here. We do not find Borow controlling.

Nor does Moran v. United States, 6 Cir., 1920, 264 F. 768, 770, aid appellant. There the defendant was tried in the Western District of Tennessee for the possession of liquor found *in Mississippi,* which had never been in, but presumably was going into, Tennessee. The court refused to rule there could not be a "constructive presence" of the defendant in Tennessee on the retrial (which might create a situation where a crime was begun in one judicial district and completed in another, so that by statute it might have been deemed to have been committed in either state). The judgment was reversed only because of error in instructions.

Neither of these cases involves the question of waiver, nor of statutory venue, as distinguished from constitutional venue. For these reasons Borow, supra; Moran, supra; and United States v. Johnson, supra, are not controlling. United States v. Jones, 7 Cir., 1949, 174 F.2d 746, 748, also relied on by appellant, is a case where there was no proof the crime charged had been committed within the *district* where defendant was tried. That is not the factual situation here existing.

The judgment is affirmed.

---

of the payee, Joseph J. Cook, for the purpose of obtaining and receiving said amount from the United States, its officers and agents.
     "Count Three
     "[U.S.C., Title 18, Sec. 495]
"On or about June 13, 1958, in Kern County, California, within the Northern Division of the Southern District of California, defendant John Russell Hanson, with intent to defraud the United States, uttered and published as true United States Treasury Check number 16,366,363, dated May 6, 1958, in the amount of $267.40, bearing the purported endorsement of the payee, Joseph J. Cook, which endorsement was forged, as the defendant then and there well knew."