**Jacob HARPER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24073.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1967.

Robert L. Cork, Valdosta, Ga., for appellant.

Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was convicted of violating 26 U.S.C.A. §§ 5180 and 5681(c), and 26 U.S.C.A. §§ 5601(a) (8) and 5222 which proscribe, respectively, the non-licensed working and producing of spirituous liquors. We find his appeal to be without merit.

The question of venue was waived. The question turned on the location of the still. The indictment alleged that it was in Coffee County which is in in the Waycross Division of the Southern District of Georgia. No venue question was asserted until after the close of the evidence. Appellant then claimed the still was in an adjoining county which was in the Brunswick Division of the court. The right to be tried in a particular division of a district is a personal and technical right and may be waived. Lafoon v. United States, 5 Cir., 1958, 250 F.2d 958; Cagnina v. United States, 5 Cir., 1955, 223 F.2d 149; and Silverberg v. United States, 5 Cir., 1925, 4 F.2d 908. These cases stand for the proposition that a waiver ensues where the objection to venue is not lodged prior to trial.

The evidence was sufficient to warrant the conviction. There was no prejudicial error in the statements made by the court during the conduct of the trial.

Affirmed.