**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCELO DE JESUMARIA, AKA
Marcelo Rafael De Jesumaria, AKA
Marcelo Rafael Iza,

Defendant-Appellant.

No. 15-50382

D.C. No. 2:14-cr-00688-BRO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Beverly R. O'Connell, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: RAWLINSON, and BEA, Circuit Judges, and EATON,[**] Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

1

Marcelo De Jesumaria appeals from a jury verdict convicting him of abusive sexual contact on an aircraft in violation of 18 U.S.C. § 2244(b). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

First, De Jesumaria's argument that the Government failed to establish proper venue in the Central District of California fails. De Jesumaria raised his venue objection for the first time in his Motion for Bond Pending Appeal, nearly five months after the verdict.[1] An objection to venue, however, must be raised during the trial or prior to the jury's verdict. *See United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974) ("[V]enue may be waived, and where, as here, the objection was not raised until after the jury had returned its verdict of guilty, we find that waiver did in fact occur." (citation omitted)); *United States v. Marsh*, 144 F.3d 1229, 1242 (9th Cir. 1998); *Gilbert v. United States*, 359 F.2d 285, 288 (9th Cir. 1966); *Hanson v. United States*, 285 F.2d 27, 28 (9th Cir. 1960) ("The general rule has long been that an objection as to venue must be raised before the government has completed its case."). Because the question of venue was not timely raised, we find that De Jesumaria waived this objection and it cannot be considered on appeal.

---

[1] De Jesumaria was tried twice. A jury trial began on March 24, 2015, in the Central District of California, and resulted in a mistrial. On May 26, 2015, a new trial was commenced, and De Jesumaria was found guilty on May 29, 2015.

Second, the district court did not commit plain error that affected De Jesumaria's substantial rights when it instructed the parties and witnesses to refer to the alleged victim as "B.D." De Jesumaria argues, again for the first time, in his Motion for Bond Pending Appeal, that the court's instruction to use B.D.'s initials allowed the jury to view her as a victim and increased her testimony's credibility. When a defendant fails to object to a court's instruction during the trial, this Court reviews the instruction using the plain error standard, and the burden of persuasion is on the appellant to demonstrate that this alleged error "affected substantial rights." *United States v. Olano*, 507 U.S. 725, 734–35 (1993) ("Normally . . . the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)."); Fed. R. Crim. Pro. 52(b). Here, it cannot be said that the use of B.D.'s initials increased her credibility. We find that the district court's instruction, and the resulting use of the alleged victim's initials during the proceedings, even if it was error, was not so prejudicial as to "affect[ ] the outcome of the district court proceedings." *Olano*, 507 U.S. at 734.

Finally, De Jesumaria has failed to demonstrate that the Government's use of its peremptory strikes was for a discriminatory purpose. *See Batson v. Kentucky*, 476 U.S. 79, 93 (1986). At the third step of the *Batson* analysis, "the trial court must determine whether the defendant has carried his burden of proving

3

purposeful discrimination," which is a finding of fact reviewed for clear error. *Hernandez v. New York*, 500 U.S. 352, 359, 363–64 (1991). A purposeful discrimination determination is based, in large measure, on the trial court's assessment of prosecutorial credibility, which is a factual finding entitled to great deference. *Williams v. Rhoades*, 354 F.3d 1101, 1109 (9th Cir. 2004). Here, the district court considered De Jesumaria's challenge to the prosecution's use of its peremptory strikes; the demeanor of the potential jurors themselves; as well as the prosecution's proffered race-neutral reasons in questioning Juror 3's ability to follow the evidence, Juror 6's ability to understand the witnesses, and Juror 8's potential distraction from the trial. In light of this information and the absence of evidence undermining the prosecution's race-neutral justifications, the district court's conclusion that the prosecution's explanations were not "pretexts invented to hide purposeful discrimination" was not in clear error. *Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008); *cf. McClain v. Prunty*, 217 F.3d 1209, 1222 (9th Cir. 2000).

**AFFIRMED.**