WILLIAM H. BLODGETT, TAX COMMISSIONER, *vs.* JOHN F. COSGROVE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided August 1st, 1933.

*Robert P. Butler,* for the appellant (defendant).

*Farwell Knapp,* for the appellee (William H. Blodgett, Tax Commissioner).

AVERY, J.   From the admitted facts of the application and the stipulation of the parties, it appears that the tax commissioner, acting under the authority of General Statutes, § 1088 (appended in the footnote),

"The commissioner, by himself or by an agent whom he may appoint, shall visit the towns in this state and inquire into the manner in which the laws relating to listing and assessing taxable property therein are executed by the assessors and boards of relief, and whether all persons and property taxable in such towns are in fact justly assessed and taxed; whether all taxes which are due and collectible are in fact collected and paid to the treasurer in the manner prescribed by law; whether accounts and records of collectors and treasurers are adequate and properly kept and whether tax exemptions on property are granted in the manner and only to the extent required by law; and for such purpose he may subpoena any person to appear before him at such place in the town wherein such inquiry is being made as may be designated in such subpoena to examine him under oath and for such purpose he may compel the attendance before him of any such witness and the production of books and papers by subpoena.   No such witness shall be excused from testifying or from producing books or papers on the ground that such

issued a subpoena directing John F. Cosgrove, a tax assessor of the consolidated town and city of Hartford, to appear before him at the state capitol building to be examined under oath respecting the manner in which the laws relating to listing and assessing taxable property were executed. The subpoena was duly served upon the respondent and, at the time and place directed therein, he appeared together with his counsel. On the previous day, two other assessors of the city had been questioned but before attempting to administer the oath to the respondent, the commissioner directed that the other assessors be excluded from the room while the respondent was giving his testimony. They thereupon retired. The commissioner then refused to exclude from the room other persons who were present at the hearing, representing certain newspapers. Thereupon, the respondent, upon advice of counsel, refused to be sworn and to answer questions, upon the ground that he was unwilling either to be sworn or to answer any questions unless the hearing was to be either public, in which case the other assessors should be present, or private, in which case all members of the public should be excluded except those immediately concerned in the inquiry. Upon his refusal to take the oath or testify, the hearing was ended

testimony or the production of such books or papers will tend to incriminate him, but such evidence or production of books or papers shall not be used in any criminal proceedings against him. If any person shall disobey such process or, having appeared in obedience thereto, shall refuse to answer any pertinent question put to him by said commissioner, said commissioner may apply to the Superior Court, or to a judge of said court if the same shall not be in session, setting forth such disobedience to process or refusal to answer, and said court or such judge, as the case may be, thereupon shall cite such person to appear before him and shall inquire into the facts set forth in such application and, upon finding the allegations in such application to be true, shall commit such person to jail until he shall testify, but not for a longer period than sixty days."

and the tax commissioner brought this application to the Superior Court to commit the respondent for failure to be sworn and testify; and the court, after hearing, committed the respondent to jail, there to remain until he should testify but not exceeding sixty days as provided in the statute.

Only two questions are raised by this appeal: (1) Has the tax commissioner, under the statute, in the course of conducting a hearing relating to tax assessments in the city of Hartford the discretion of examining one assessor at a time, excluding other assessors from the hearing while the examination is being conducted, although admitting other members of the public thereto; and (2) was the respondent justified under the facts stipulated in refusing to be sworn or to testify.

General Statutes, § 1088, was first enacted in 1901 (Public Acts, 1901, Chap. 62) as part of the statute which created the office of tax commissioner. An important function of that officer, as set forth in the statute, is to inquire into the manner in which the laws relating to listing and assessing taxable property are executed by the assessors and boards of relief of the several towns, and whether all persons and property taxable in such towns are in fact justly assessed and taxed; whether the taxes are in fact collected and paid as prescribed by law, and the accounts of the towns accurately and properly kept and tax exemptions granted in the manner and only to the extent required by law. As stated in the statute, for the purpose of making such inquiry and obtaining such information, the commissioner is authorized to visit the towns and to summon any person to appear before him and be examined under oath with the power to require the production of books and papers to obtain information upon these matters.

It is in the interest of the State as well as of the public that the statutes in relation to taxation be strictly construed and accurately complied with by the officers in the various municipalities charged by law with duties in connection therewith. It is a matter of common knowledge that because of the great number of persons engaged in the various towns as assessors, boards of relief, and collectors that lax practices have, from time to time, grown up in some communities to the loss of the public, and occasionally to the great hardship of individuals. Obviously, the office of tax commissioner was brought into existence for the purpose of creating a state official with power to visit the various communities and ascertain whether the laws relating to taxation were being impartially and strictly enforced, and where abuses or laxity were discovered to set in motion the necessary remedial measures to correct such conditions, to the end that all property should be assessed and taxed and all taxes collected in conformity with the rule established by law; and that no exemptions or remissions unauthorized by law should be permitted.

A hearing before the tax commissioner is not an adversary proceeding like a suit between parties. The information obtained by the commissioner cannot be used against any witness in a criminal proceeding brought against him. Obviously, the statute should be construed liberally that the purpose intended to be accomplished by it may be given effect. The other assessors of the city of Hartford were in no way parties or in a legal sense interested, nor was the respondent, Cosgrove, in any sense a party; and the numerous cases cited by the appellant as to the rights of a party to be present at a trial are beside the point. If, in the judgment of the commissioner in examining any person, it is desirable, while the examination is being con-

ducted, to exclude other persons who might have testified or might later be required to testify on the same matter, it is within the discretion of the commissioner to do so.

The tax commissioner, under the statute, in making an inquiry of the character contemplated, is entitled to exercise similar powers to those possessed by a grand jury with reference to the hearing of testimony. *In re Clayton*, 59 Conn. 510, 519, 21 Atl. 1005. The jury may examine one witness at a time and exclude witnesses from the jury room while others are being examined. *Luno's Case*, 1 Conn. 428. The commissioner has the same power, in regard to the segregation of witnesses for the purpose of an investigation, as is possessed by a court for the purpose of a trial. Such a procedure has been recognized from the earliest times as an effective and valuable expedient for the determination of the accuracy and credibility of the testimony offered by various witnesses. 3 Wigmore, Evidence (2d Ed.) § 1838. We hold, therefore, that it was within the discretion of the commissioner to examine one assessor of the city of Hartford at a time, excluding other assessors of the city from the hearing while the examination was taking place, and admitting other members of the public thereto. 3 Wigmore, Evidence (2d Ed.) § 1841. Nothing in the record discloses any abuse of discretion by the commissioner.

"It is the duty of all good citizens when legally required to do so to testify to any facts within their knowledge affecting public interest and . . . no one has a natural right to be protected in his refusal to discharge that duty." *McCarthy* v. *Clancy*, 110 Conn. 482, 490, 148 Atl. 551; *In re Application of Clark*, 65 Conn. 17, 31, 31 Atl. 522. Inasmuch as the respondent was in no way prejudiced by the action of the commissioner in excluding the other assessors while elicit-

ing the respondent's testimony, he was not justified in refusing to be sworn or to testify.

As the matter involved in this case is one of public interest and consequence, we have disregarded the defective way in which the record comes before us. In place of a finding there was a stipulation, the first portion of which recites the facts and was made a part of the record by the trial court, and the latter portion of which contains a statement of certain questions of law. The stipulation does not include, as it should have done, a statement of the conclusions of the trial court or of the claims of law of the appellant, with the trial court's rulings thereon. In the record there also appears a transcript of the proceedings before the trial court which, under the appeal, serves no purpose and should not have been printed.

There is no error.

In this opinion the other judges concurred.