## WITT v. UNITED STATES.
### No. 13022.

United States Court of Appeals
Ninth Circuit.

April 29, 1952.

Hyman M. Greenstein, Honolulu, T. H., for appellant.

Howard K. Hoddick, Acting U. S. Atty., Winston C. Ingman, Asst. U. S. Atty., District of Hawaii, T. H., Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

Appellant, who had been in the employ of the government at the Pearl Harbor Navy Yard, was convicted of the felonious taking of property of the United States consisting of certain Diesel engine parts stored in a Yard shop.

He claims that error was committed in several respects. His first complaint is that an agent of the Federal Bureau of Investigation was permitted to remain in the courtroom and to sit at the table with government counsel, notwithstanding appellant had requested the exclusion of witnesses. The exclusion of witnesses is concededly a matter addressed to the discretion of the trial court, and there was no abuse of discretion in this instance. The prime purpose of the exclusionary rule is to prevent witnesses from matching narratives, Hood v. United States, 8 Cir., 23

F.2d 472, and it is clear that the agent's testimony did not duplicate other testimony or deal with matters related by any other witness called for the prosecution. Aside from the fact that the presence of the agent in the courtroom in no way prejudiced appellant, it is plain from the nature of the matters to which he testified that his assistance was needed by counsel during the trial.

Another specification relates to the admission in evidence of a signed confession made by appellant to the Bureau agent. It is contended that the confession was erroneously allowed to go in before the corpus delicti had been established. A reading of the record shows that this is not so, but even if it were the objection goes merely to the order of proof, a matter admittedly resting in the discretion of the court.

The judge heard evidence in the jury's absence concerning the circumstances under which the confession was made. The Bureau agent who had obtained it testified, and appellant likewise was sworn and gave his version of the circumstances. The judge thereupon ruled that the confession was voluntary and allowed its introduction after the agent had again related the circumstances in the presence of the jury. Appellant claims that he was thereafter refused permission to take the stand in the jury's presence for the limited purpose of testifying as to the voluntary aspect of the confession. We do not so understand the record. The court went no further than to suggest that if appellant testified he would subject himself to cross-examination. Appellant was obviously free to take the stand and speak concerning any material matter inquired of him by his counsel. He could not well ask that the court guarantee him in advance that he would be asked no embarrassing question on cross-examination if he did so. If he had taken the stand and the court had permitted undue latitude in his cross-examination, he would have had something of substance to complain about.

The indictment charged a violation of 18 U.S.C.A. § 641, and was couched in the language of that statute. Appellant claims that the charge is duplicitous. However he interposed no objection to it either prior to or during the trial. If he had done so, we think the holding in Crain v. United States, 162 U.S. 625, 634–636, 16 S.Ct. 952, 40 L.Ed. 1097, would have furnished a complete answer to his objection. Moreover, the court in its instructions clearly advised the jury that they could not convict unless they found that appellant had stolen the property in question. In any event failure of an accused timely to interpose an objection of this character constitutes a waiver thereof under Rule 12(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The judgment is affirmed.