**J. D. CHARLES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13903.**

United States Court of Appeals
Ninth Circuit.

Sept. 24, 1954.

Rehearing Denied Nov. 1, 1954.

Walter H. Duane, Robert B. MacMillan, San Francisco, Cal., for appellant.

A. William Barlow, U. S. Atty., Louis B. Blissard, Asst. U. S. Atty., Honolulu,

Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, HEALY and LEMMON, Circuit Judges.

MATHEWS, Circuit Judge.

On February 18, 1953, in the United States District Court for the District of Hawaii, appellant, J. D. Charles, also known as James D. Charles, and Henry K. Chung were indicted for violating 26 U.S.C.A. § 2553(a), 53 Stat. 271, 58 Stat. 721,[1] which provided: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in [26 U.S.C.A. § 2550 (a), 53 Stat. 269, 58 Stat. 721][2] except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of [28 U.S.C.A. § 2553(a), 53 Stat. 271, 58 Stat. 721] by the person in whose possession same may be found; * * *."

The indictment alleged that on or about January 11, 1953, in the City and County of Honolulu, Territory of Hawaii, appellant and Chung "did knowingly, wilfully, unlawfully and feloniously purchase, sell, dispense and distribute a salt, compound and derivative of opium, to wit, two (2) capsules containing heroin which heroin was not then and there in the original stamped package and was not from the original stamped package, in violation of [26 U.S.C.A. § 2553(a), 53 Stat. 271, 58 Stat. 721]."

Appellant and Chung were arraigned, pleaded not guilty, had a jury trial and were found guilty. Thereupon a judgment was entered sentencing appellant to pay a fine of $2,000 and to be imprisoned for five years.[3] This appeal is from that judgment.

## I.

Six witnesses were called by and testified for appellee, the United States. One witness was called by and testified for appellant. Appellant offered no other evidence. Chung offered no evidence whatever. After the jury was impaneled and before any witness was called, the following motion and ruling were made:

"Mr. Landau:[4] If your Honor please, at this time, the defendant Chung moves that all witnesses who will be corroborative or cumulative of testimony of other witnesses be excluded from the courtroom.

"Mr. Soares:[5] We join in the motion, if your Honor please.

"The Court:[6] Overruled."

Thus, in effect, appellant and Chung requested, and the District Court refused to make, an order excluding from the courtroom all witnesses who would be "corroborative or cumulative of testimony of other witnesses."[7] The refusal is specified as error.

An order excluding witnesses from the courtroom is commonly called a rule, and witnesses so excluded are said to have been put under the rule.[8] United States district courts have, and frequently exercise, the power to make such orders.[9]

1. Section 2553(a) was derived from § 1 of the Harrison Act of December 17, 1914, as amended, 44 Stat. 96, 97.

2. Section 2550(a) was derived from § 1 of the Harrison Act of December 17, 1914, as amended, 44 Stat. 96, 97. The drugs mentioned in § 2550(a) included opium and any compound, salt or derivative thereof. One such compound, salt or derivative is heroin.

3. See 26 U.S.C.A. § 2557(b) (1), 65 Stat. 767.

4. Mr. Samuel Landau, counsel for Chung.

5. Mr. O. P. Soares, counsel for appellant.

6. The District Court, Chief Judge J. Frank McLaughlin presiding.

7. The witnesses who would be "corroborative or cumulative of the testimony of other witnesses" were not named or identified until long after the District Court made the ruling mentioned above.

8. Charles v. United States, 9 Cir., 215 F.2d 825.

9. Charles v. United States, 9 Cir., 215 F.2d 825.

■ The power to put witnesses under the rule is a discretionary one.[10] Where, in the exercise of its discretion, a district court refuses to put witnesses under the rule, its action is reviewable only in case of an abuse of discretion.[11] Appellant here contends that, in refusing to exclude witnesses who would be "corroborative or cumulative of testimony of other witnesses"—which is to say, in refusing to put them under the rule—the District Court abused its discretion.[12] We reject this contention for the following reasons:

The prime purpose of putting witnesses under the rule is to prevent them from shaping their testimony to match that given by other witnesses in their hearing.[13] In this case, so far as the record shows, the District Court had no reason to believe or suspect that any witness would shape his testimony to match that given by any other witness, nor does it appear from the record that any witness did so shape his testimony.

It is true that some of the witnesses gave testimony which corroborated testimony given by some of the other witnesses, but it does not follow that the corroborating testimony was shaped to match the corroborated testimony, or that the District Court abused its discretion in refusing to put the corroborating witnesses under the rule.

## II.

At the close of all the evidence, appellant moved for a judgment of acquittal.[14] The stated ground of the motion was, in substance, that the evidence was insufficient to sustain a conviction of appellant. The motion was denied, and the denial is specified as error.

As indicated above, appellant and Chung were indicted for violating § 2553 (a), supra, by purchasing, selling, dispensing and distributing, on or about January 11, 1953, two capsules of heroin —one of the drugs mentioned in § 2550 (a), supra—which heroin was not in or from the original stamped package.

As indicated above, § 2553(a) provided that the absence of appropriate tax-paid stamps from any of the drugs mentioned in § 2550(a) should be prima facie evidence of a violation of § 2553(a) by the person in whose possession such drug might be found—a provision hereinafter called the prima facie evidence provision of § 2553(a).

■ There was evidence showing conclusively that the heroin mentioned in the indictment was found in Honolulu on January 11, 1953, and that appropriate tax-paid stamps were absent from it when it was found.[15] There was substantial evidence that it was found in appellant's possession. We therefore hold that there was prima facie evidence of appellant's guilt; that such evidence was sufficient to sustain a conviction of appellant; and that the motion for a judgment of acquittal was properly denied.

Appellant says that the evidence was circumstantial and not inconsistent with every reasonable hypothesis of innocence. It is true that some of the evidence was circumstantial. However, it could not and cannot be said, as a matter of law, that reasonable minds could not conclude that the evidence was inconsistent with every reasonable hypothesis of innocence. Therefore whether the evidence was inconsistent with every such hypothesis was a question for the

---

10. Witt v. United States, 9 Cir., 196 F.2d 285; Lii v. United States, 9 Cir., 198 F.2d 109; Charles v. United States, 9 Cir., 215 F.2d 825.

11. See cases cited in footnote 10.

12. Appellant does not here contend that the District Court failed to exercise its discretion. Cf. Charles v. United States, 9 Cir., 215 F.2d 825. His contention that the District Court's discretion was abused assumes and, in effect, asserts that it was exercised.

13. Witt v. United States, supra; Charles v. United States, 9 Cir., 215 F.2d 825.

14. See Rule 29 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

15. The heroin mentioned in the indictment was put in evidence as appellee's Exhibit A–2.

jury and not for the District Court or this court to determine.[16]

## III.

The District Court gave the jury five instructions the giving of which is specified as error. These instructions, in effect, stated that the jury was required to find appellant guilty if he was proved beyond a reasonable doubt to have had possession of the heroin mentioned in the indictment—a statement based on the prima facie evidence provision of § 2553(a). Appellant contends that the statement was not warranted by that provision. We reject this contention for the following reasons:

■ The evidence showed conclusively that appropriate tax-paid stamps were absent from the heroin. Hence, if appellant had possession of the heroin, the burden of explaining and justifying such possession was placed on him by the prima facie evidence provision of § 2553 (a).[17] That burden was not sustained. Appellant did not take the witness stand or adduce any relevant or material evidence.[18] Much less did he explain or justify his possession of the heroin. Hence the statement that the jury was required to find appellant guilty if he was proved beyond a reasonable doubt to have had possession of the heroin was warranted by the prima facie evidence provision of § 2553(a) and was a proper statement.[19]

In support of his contention, appellant cites Lilienthal's Tobacco v. United States, 97 U.S. 237, 24 L.Ed. 901; Webre Steib Co. v. Commissioner, 324 U.S. 164, 65 S.Ct. 578, 89 L.Ed. 819; Di Salvo v. United States, 8 Cir., 2 F.2d 222; Ezzard v. United States, 8 Cir., 7 F.2d 808. None of these cases is in point. The Tobacco, Webre Steib and Ezzard cases did not involve the prima facie evidence provision of § 2553(a) or any similar provision. The Di Salvo case involved the prima facie evidence provision of what is now § 2553(a), but the Di Salvo case is clearly distinguishable from this case in that Di Salvo, who was indicted and tried for purchasing morphine which was not in or from the original stamped package, took the witness stand and testified that he had not made any such purchase, thus rebutting the presumption arising from the absence of appropriate tax-paid stamps from the morphine; whereas appellant, who was indicted and tried for purchasing, selling, dispensing and distributing heroin which was not in or from the original stamped package, did not take the witness stand or adduce any evidence rebutting the presumption arising from the absence of appropriate tax-paid stamps from the heroin.[20]

Judgment affirmed.

LEMMON, Circuit Judge, did not participate in the decision of this case.

16. Stoppelli v. United States, 9 Cir., 183 F.2d 391; Remmer v. United States, 9 Cir., 205 F.2d 277; Schino v. United States, 9 Cir., 209 F.2d 67.

17. Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Cavness v. United States, 9 Cir., 187 F.2d 719; Acuna v. United States, 5 Cir., 74 F.2d 359; Goode v. United States, 80 U.S. App.D.C. 67, 149 F.2d 377; Landsborough v. United States, 6 Cir., 168 F.2d 486; United States v. Chiarelli, 7 Cir., 192 F.2d 528.

18. The only evidence adduced by appellant was the testimony of Robert Takei. Takei's testimony did not relate to heroin or to any pertinent matter or thing. It was wholly irrelevant and wholly immaterial.

19. See cases cited in footnote 17.

20. See footnote 18.