**John Russell HANSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16403.**

United States Court of Appeals Ninth Circuit.

Oct. 30, 1959.

McKenna & Fitting, Paul Fitting, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Leila F. Bulgrin, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, ORR and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The appellant, John Russell Hanson, was indicted in twenty-two separate counts for violations of sections 287[1] and 495,[2] Title 18 United States Code.

His violations of section 287 were charged to consist in his presenting to the Internal Revenue Service of the United States Treasury Department claims for refunds of income taxes upon Form 1040A, which stated that certain fictitious persons were wage earners, having earned stated amounts and having had specified sums of income taxes withheld. The indictment charged that defendant well knew the claims to be both fraudulent and fictitious, there being no such wage earners in existence, no such amounts earned, no such sums withheld and no such named dependents as were specified in the claims.

Appellant's violation of section 495, as charged in the several counts of the indictment, consisted in his knowingly and wilfully forging on United States Treasury checks for specified amounts the endorsements and signatures of the payees (fictitious persons) for the purpose of receiving the specified sums from the United States and in uttering and publishing as true, with intent to defraud the United States, the foregoing Treasury checks bearing the purported endorsements of the payees: all the checks being forged, as appellant well knew.

There was an irregularity in the verdict of the jury in that, apparently inadvertently, the word "guilty" proceding the words "as charged in Count One of the indictment" was stricken by the drawing of a line through it. In sentencing the defendant, the United States District Judge cured the irregularity by imposing no punishment on that count. The language of the verdict made it clear that appellant was convicted on all the other twenty-one counts in the indictment. The jury's verdict plainly stated: "Guilty as charged in Count Two of the indictment; Guilty as charged in Count Three of the indictment * * *," through Count Twenty-Two.

Appellant was sentenced to total imprisonment of twenty-eight years.

The fraudulent method employed by Hanson to swindle the government was unusual. He would rent Post Office boxes under fictitious names and then file false returns and claims for refund of income taxes under these names, giving a Post Office box number as the address of the supposed taxpayer. Checks for refunds were received by appellant at these Post Office boxes. After opening bank accounts in small nearby towns, by the deposit of petty cash in the names of the fictitious persons for whom the income-tax refunds had been asked, appellant would take to the bank the government check which had been sent to cover each of the refunds. Almost simultaneously, he would withdraw most of the money in each of the bank accounts.

The United States presents the question of whether or not this court has jurisdiction to take cognizance of the appeal. The judgment and commitment

[1]. "Whoever makes or presents to * * * any department, or agency * * * any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

[2]. "Whoever falsely * * * forges * * * any * * * writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or

"Whoever utters or publishes as true any such * * * forged * * * writing, with intent to defraud the United States, knowing the same to be * * * forged, * * *; * * *

"Shall be fined not more than $1,000 or imprisoned not more than ten years, or both."

was filed on December 5, 1958, the twenty-eight-year sentence having been pronounced on that date. On December 12, 1958, an order was entered by the United States District Judge directing that the judgment be entered on December 15, 1958; and, as shown by the record, on December 12th the Judge had stated to counsel for appellant (successor to defendant's trial attorney) that he had instructed the Clerk of the United States District Court not to enter the judgment immediately, in order that the succeeding attorney would not be crowded for time. The Clerk stated that the judgment had not been entered at the time and that the ten days for appeal had not begun to run. In these circumstances, we think the appeal was timely. All the cases cited in appellee's brief are differentiable from the exact situation confronted here.

■ Appellant contends that he was denied the full use of his peremptory challenges. The situation developed was that, in the selection of the jury, separate lists of peremptory challenges were made by the United States Attorney and the defendant, respectively. The defendant's attorney wrote twelve names on his list. He was told correctly by the presiding judge that he was entitled by law to only ten challenges; whereupon, he eliminated two names from his list, one of which was the name of the juror who became foreman of the jury. The United States had peremptorily challenged two of the same jurors who appeared on the list of appellant. From this circumstance, appellant insists that he was entitled to two additional challenges.

■ The authority of Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 416, 38 L.Ed. 208, directly rejects the argument of appellant. The Supreme Court there made it plain that the United States District Court is not bound to the particular method of selecting a jury that is required by local law; and that, where the subject is not controlled by statute, the order in which peremptory challenges shall be exercised is in the discretion of the court. It was stated

that the right of peremptory challenge "is not of itself a right to select, but a right to reject, jurors." The opinion of the Supreme Court concluded: "The objection that the government should have tendered to him the 12 jurors whom it wished to try the case, or that he was entitled to know, before making his challenges, the names of the jurors by whom it was proposed to try him, must mean that the government should have been required to exhaust all of its peremptory challenges before he peremptorily challenged any juror. This objection is unsupported by the authorities, and cannot be sustained upon any sound principle." See also United States v. Macke, 2 Cir., 159 F.2d 673; United States v. Keegan, 2 Cir., 141 F.2d 248; Kloss v. United States, 8 Cir., 77 F.2d 462, 463; Philbrook v. United States, 8 Cir., 117 F. 2d 632, 635, 636.

■ The appellant charges that the district court committed prejudicial error in failing to exclude certain witnesses from the courtroom during the testimony given by other witnesses. He stresses heavily the authority of Wigmore on Evidence, Vol. 6, (3d Ed.1940) pages 347, 354, 357–358. We are in accord with the expressions of the great teacher as to the value, in the administration of justice, of the sequestration of witnesses during a jury trial. But, in the circumstances of the instant case, we think no reversible error was committed by the trial judge in declining to put certain witnesses "under the rule" when requested to do so on the second day of the trial. From consideration of the record of proceedings, we are of opinion that no prejudice resulted to appellant from the court's action. This case falls within the ambit of the decision of this court in Charles v. United States, 9 Cir., 1954, 215 F.2d 831. See also Witt v. United States, 9 Cir., 1952, 196 F.2d 285; Mitchell v. United States, 10 Cir., 126 F.2d 550, 553; United States v. Postma, 2 Cir., 242 F.2d 488.

A pertinent paragraph will be found at page 494 of the last-cited opinion, written by Judge Hincks: "By a long and un-

broken line of federal cases it is well established that the exclusion of witnesses is a matter for the sound discretion of the trial court. The same rule prevails, we believe, in a majority of state court jurisdictions. See, e. g. People v. Cooke, 292 N.Y. 185, 54 N.E.2d 357. Although in many cases the exclusion of witnesses is obviously desirable for such effect as it may have to prevent the perjurious parroting of testimony, we think it better to leave the decision to the judge than to adopt a rigid rule requiring exclusion of all witnesses as a matter of right. Not infrequently justice may be better served, we think, by allowing witnesses to remain in the court room than by relegating them to the public corridors of the court house, where they will be exposed to the possible importunities and threats of hostile parties. We do not overlook Wigmore's advocacy of the rule of exclusion as of right. 6 Wigmore, Evidence, Sec. 1839 [3rd Ed.Supp.1955]. Nevertheless, we adhere to the principle underlying the discretionary rule prevailing in the federal courts." See Kaufman v. United States, 6 Cir., 163 F.2d 404, 408–409, certiorari denied 333 U.S. 857, 68 S.Ct. 726, 92 L.Ed. 1137.

The criticism by appellant as to the prejudicial misconduct of the United States Attorney during the argument is so utterly without merit as to require no discussion.

■■ Finally, the appellant contends that no forgery was proven. Eight counts of the indictment charged violations of U.S.C., Title 18, section 495, in the forging of endorsements on government checks and the uttering as true of the checks with the forged endorsements thereon. Greathouse v. United States, 4 Cir., 170 F.2d 512, is not in point. That case recognized that the rule that forgery may exist even if the name used be an assumed or fictitious name is applicable only where the writing is issued as the writing of the fictitious individual; and is not applicable when the name is signed by the defendant himself under the pretense that he has been authorized by an existing person to sign his name. The court said: "When the writing is not passed off as the writing of another, it is immaterial whether the person it purports to designate is real or fictitious." [p. 514.]

In Hubsch v. United States, 5 Cir., 256 F.2d 820, 824, it was stated that "where a person not only takes an assumed name but uses that name to designate a fictional person with characteristics, personality and a semblance of identity, the use of the fictitious name as an instrument of fraud in the impersonation of a fictional person is as much a forgery as though the fictional character was real." The court expressed rejection of the narrow doctrine concerning forgery and held that "a forgery may be committed by the fraudulent use of an assumed or fictitious name."

Rowley v. United States, 8 Cir., 191 F.2d 949, 951, held that the crime of forgery may be committed by the signing of a fictitious or assumed name, provided that the instrument as so completed was made with intent to defraud. So, also, in Buckner v. Hudspeth, 10 Cir., 105 F.2d 393, 395, Judge Phillips stated: "Furthermore, to constitute forgery the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious if the instrument is made with intent to defraud and shows on its face that it has sufficient efficacy to enable it to be used to the injury of another." See Meldrum v. United States, 9 Cir., 151 F. 177, 181; Logan v. United States, 6 Cir., 123 F. 291, 292; United States v. Turner, 7 Pet. 132, 136, 8 L. Ed. 633.

In Milton v. United States, 71 App.D.C. 394, 110 F.2d 556, 560, 561, the following language was used by the Court of Appeals: "It is well settled that the signing of a fictitious name, with fraudulent intent, is as much a forgery as if the name used was that of an existing person. [Citing numerous cases]. The public mischief, i. e., the legal tendency to defraud, is equally great in either event."

It is undeniably true on the record here that in making and uttering the forged

documents involved the appellant used assumed names for dishonest purposes and with intent to defraud the United States. Both upon principle and upon authority, he therefore violated the criminal statutes of the United States against forgery and the uttering of forged instruments.

There is abundant evidence to support the verdict of the jury in finding the defendant-appellant guilty on all counts of the indictment upon which he was convicted and sentenced; and no reversible error appears from the record of the trial in the case.

The judgment of conviction and sentence entered by the United States District Court is therefore affirmed.