UNITED STATES of America, Plaintiff-Appellee,

v.

Hubert HOOD, Defendant-Appellant. No. 12776.

United States Court of Appeals Seventh Circuit.

Feb. 24, 1960.

Myer H. Gladstone, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel), for appellee.

Before KNOCH and CASTLE, Circuit Judges, and STECKLER, District Judge.

KNOCH, Circuit Judge.

Defendant was tried by the District Court without a jury and found guilty June 29, 1959, on a twelve-count indictment of forging the names of payees on the reverse sides of United States Treasury checks (nine counts) and uttering falsely forged and counterfeited certificates and writings (three counts.)

Counts 1, 3, 5, 7, 8, 9, 10, 11, and 12, except for varying dates, amounts and numbers, all read, in part:

> "That on or about September 30, 1957, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, Hubert Hood, defendant herein, wilfully, knowingly and with intent to defraud, did forge a material signature on a certain certificate and writing for the purpose of obtaining and receiving from the United States, a certain sum of money, to wit, $40.00, by falsely forging the name of the payee on the reverse side thereof, which said certificate and writing is described as follows: United States Treasury Check No. * * * and which said material signature was forged by Hubert Hood without authority or direction of the United States or any officer thereof; and at the time and place aforesaid the defendant well knew the same to be a falsely forged and counterfeited certificate and writing of the United States; in violation of Section 495, Title 18 United States Code."

Counts 2, 4 and 6 all read, in part:

> " * * * did utter and publish as true * * * the falsely forged and counterfeited certificate and writing, as described in the * * * Count of this Indictment, which description is incorporated in this count by reference as though fully set forth herein, * * * "

On June 30, 1959, defendant was adjudged guilty and committed to the cus-

tody of the Attorney General for one year and one day, the sentence being imposed generally as to all twelve counts.

On July 10, 1959, more than the permissible five days after finding of guilty (no extension of time having been made during the five-day period pursuant to Rules 33 and 34, Federal Rules of Criminal Procedure, 18 U.S.C.) the defendant asked leave to file a written motion for new trial and a motion in arrest of judgment on the ground, raised for the first time, that the indictment was defective and void. The District Judge denied the motion and this appeal followed.

Defendant argues that Counts 1, 3, 5, 7, 8, 9, 10, 11 and 12 are void because they contain repugnant allegations, in that if, as stated in those counts, the writing was falsely forged and counterfeited, then the signature of the payee could not be forged thereon; that the indictment does not allege a forged endorsement to a genuine writing of the the United States. Defendant applies the same reasoning to Counts 2, 4, and 6, as they incorporate the alleged repugnant allegations by reference.

Apart from disputing the allegations of repugnancy, the government also contends that defendant has failed to preserve the question of sufficiency of the indictment for review in this Court. It was raised for the first time after the District Court had lost jurisdiction to entertain the motions sought to be made to the District Court.

It is defendant's position that all counts are fatally defective and void, and that hence the defect may be raised at any time. To this we cannot agree.

The record before us clearly shows that defendant was at no time misled or prejudiced in any way by reason of the alleged repugnancy. We are left with no doubt that he fully understood the charge brought against him, on which he stood trial, and of which he was found guilty. The record indicates that he understood he was charged with forging endorsements to genuine United States Treasury checks, which, when so forged, became falsely forged and counterfeited certificates of the United States, and with knowingly uttering the same. If a defect can be said to exist in the indictment here, (and we do not believe such defect does exist) then it cannot be held to be a fatal defect at this stage of the proceedings. Prussian v. United States, 1931, 282 U.S. 675, 680–681, 51 S.Ct. 223, 75 L.Ed. 610.

Defendant failed to preserve the alleged insufficiency of the indictment for review and may not now raise the issue in this Court. United States v. Ansani, 7 Cir., 1957, 240 F.2d 216, 223, certiorari denied sub. nom. Milner v. United States, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759. The judgment of the District Court is affirmed.