UNITED STATES of America,
Appellee,

v.

Rinaldo Dominic DI PIETROANTONIO,
Appellant.

No. 297, Docket 26583.

United States Court of Appeals
Second Circuit.

Argued March 8, 1961.

Decided April 17, 1961.

Henry C. Stone, Asst. U. S. Atty., Hartford, Conn. (Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., on the brief), for appellee.

Peter J. Zaccagnino, Jr., Hartford, Conn., for appellant.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

Appellant, Rinaldo Dominic Di Pietroantonio, seeks reversal of his conviction in the United States District Court for the District of Connecticut on 46 counts of a 47 count indictment charging violation of 18 U.S.C. § 500 which, among other things, forbids falsely altering money orders and counterfeiting material signatures thereon.[1] Each of the counts

---

1. The relevant portions of 18 U.S.C. § 500 are as follows:

"Whoever, with intent to defraud, falsely makes, forges, counterfeits, en-

of the indictment alleged that "with intent to defraud" Di Pietroantonio had "falsely altered a Post Office Money Order by placing thereon fictitious names and addresses of the alleged purchaser and payee."

Di Pietroantonio waived his right to trial by jury, and Judge Smith, sitting as the trier of the facts, found the following: Between the afternoon of December 6 and the morning of December 7, 1959, three hundred and eighty-nine blank United States Postal Money Order forms were stolen from a postal sub-station in Miami, Florida. Forty-seven of these were cashed in January 1960, and upon forty-six of them, those covered by counts 1–5 and 7–47 of the indictment, Di Pietroantonio, with intent to defraud, had written fictitious payees' names in the "pay to" box and fictitious purchasers' names and addresses in the "from" box. On two of these money orders Di Pietroantonio, with intent to defraud, had written "One Hundred"; and on five, including the money order specified in count 6, on which the appellant was found not guilty, he had falsely and with intent to defraud written the first or second endorsements on the back of the forms.

Judge Smith concluded that Di Pietroantonio, by writing the names of fictitious payees and purchasers upon the money orders, had counterfeited material signatures within the meaning of the second paragraph of the statute. He found the appellant guilty with respect to all the money orders as to which he had inserted fictitious names, and sentenced him to five years imprisonment on each count, the sentences to be served concurrently.

The appellant contends that he was convicted of a different crime from that for which he was indicted since the indictment charged him with having "falsely altered" money orders and the trial judge found that he had "counterfeited material signatures." Whether the particular acts committed by the appellant are covered by the second or third paragraphs of 18 U.S.C. § 500, or indeed whether they may not more precisely be described as "falsely mak[ing] * * * any order * * * purporting to be a money order issued by the Post Office Department," and thus come within the first paragraph of the section, we have no doubt that the acts committed were prohibited. The indictment did not merely charge the appellant with having "falsely altered a Post Office Money Order"; it went on to allege in detail how the alteration was done—"by placing thereon fictitious names and addresses of the alleged purchaser and payee." The indictment fully advised the defendant of the offenses for which he was being tried, and the judgment entered on it would clearly bar any future prosecution for the same offense. Cf. United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; United States v. Palmiotti, 2 Cir., 1958, 254 F.2d 491. The fact that the draftsman of the indictment, in addition to specifying the particular illegal conduct of the appellant, used a term which appears in one of the paragraphs of the statute should not be understood to limit the government to that paragraph only. Even if the acts committed by the appellant did not amount to the "alteration" intended by the statute, they did, in common usage constitute an alteration of a blank money order form,

graves, or prints any order in imitation of or purporting to be a money order issued by the Post Office Department, or by any postmaster or agent thereof; or

"Whoever forges or counterfeits the signature of any postmaster, assistant postmaster, chief clerk, or clerk, upon or to any money order, or postal note, or blank therefor provided or issued by or under the direction of the Post Office Department of the United States, or of any foreign country, and payable in the United States, or any material signature or indorsement thereon, or any material signature to any receipt or certificate of identification thereof; or

"Whoever falsely alters in any material respect, any such money order or postal note; or

\* \* \* \* \*

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

and it was to this charge that the appellant knew he was required to answer. See United States v. Hood, 7 Cir., 274 F.2d 874. The indictment need not have been worded in the precise language of the statute so long as the appellant was apprised of the offenses with which he was being charged. Rudin v. United States, 6 Cir., 1958, 254 F.2d 45, 48; United States v. Howell, 3 Cir., 1956, 240 F.2d 149, 153. An appellant should not be able to reverse a conviction on a claim of variance merely because some surplus statutory language appears in the indictment unless he can show that he was misled by the use of the statutory term. No such showing has been made here.

■ The appellant also contends that the evidence was insufficient to prove his guilt. It was shown, however, that the names on the stolen blanks were placed there by someone other than the named purchasers, and a handwriting expert testified that Di Pietroantonio had written them. We think it was permissible for Judge Smith to infer that the appellant had inserted the fictitious names with an intent to defraud.

■ Di Pietroantonio also argues that the district court erred in receiving the opinion of Albert W. Somerford, the government's handwriting expert, that the defendant had written the fictitious names on the stolen money orders. Somerford's testimony is attacked because he stated at one point that his opinion was based upon a comparison of the writing on the money orders with several other writings, some of which were eventually excluded by Judge Smith on the ground that they had not been sufficiently connected with the defendant. But later in his testimony Somerford gave the same opinion while limiting the comparison to those writings that had been admitted in evidence as sufficiently connected with Di Pietroantonio. A comparison of the money orders with the samples of the defendant's writing confirms Judge Smith's findings that they were written by the same person.

■ Finally, with regard to the claim that there was insufficient proof that the appellant had committed any act within the District of Connecticut so that venue was improper, Federal Rules of Criminal Procedure 18, 18 U.S.C., it is enough to point out that Di Pietroantonio lived in Hartford, Connecticut, and that most of the forty-six orders on which he had inserted fictitious names were cashed at various banks in Connecticut in the vicinity of Hartford. While there was no evidence as to who had cashed the money orders, and the appellant was not charged with having passed forged money orders, there was sufficient circumstantial evidence for Judge Smith to conclude that the writing had been done in Connecticut.

Affirmed.