STATE OF CONNECTICUT *v.* STANLEY PIKUL

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 9—decided December 4, 1962

*Donald J. Cantor,* with whom was *Richard S. Levin,* for the appellant (defendant).

*John D. LaBelle,* state's attorney, with whom, on the brief, were *J. Read Murphy* and *George D. Stoughton,* assistant state's attorneys, for the appellee (state).

BALDWIN, C. J. The defendant was convicted on a charge of conspiracy to obtain money by false pretenses. He has appealed. The state's attorney, in the information, charged that Leon Cohen, George Kania, Melvin Muravnick, LeRoy Hendricks, William Colangelo, John Kozakiewich, Gillis Lemieux and the defendant conspired with one another to obtain money by false pretenses, in violation of § 53-360 of the General Statutes, and that one or more of the conspirators did certain acts (described in a bill of particulars) in furtherance of the conspiracy, in violation of § 54-197 of the General Statutes. In this opinion, we need deal only with the disposition of the charges against Cohen, Muravnick, Lemieux and the defendant. When they were put to plea, Cohen, Muravnick and Lemieux pleaded guilty. The defendant pleaded not guilty and elected a trial to the jury.

The state offered evidence to prove that the defendant, pursuant to the conspiracy, planned and participated in a collision between a Plymouth automobile, which was driven by Muravnick and in which Cohen, Kania, Hendricks, Colangelo and the defendant were passengers, and a Studebaker truck, which was driven by Lemieux and owned by his employer; and that the occupants of the Plymouth falsely alleged neck and back injuries, received medical treatment, and employed an attorney, who made claim for damages and medical expenses from the insurers of the two vehicles. The defendant offered evidence to the effect that he

knew nothing of the conspiracy and took no part in it.

The state called Cohen, Muravnick and Lemieux as witnesses in chief at the trial. The state's attorney asked each of these witnesses, at the beginning of his testimony, whether he had pleaded guilty to the information, and each testified that he had so pleaded. In each instance, an objection by the defendant, on the ground that the evidence was immaterial, irrelevant and prejudicial, was overruled. In the discussions prior to the rulings, the state did not give any reason for its offer of the evidence. The fact that one or more persons jointly charged with the commission of a crime pleaded guilty is not admissible on the trial of another person so charged, to establish that the crime was committed. *State* v. *Gargano,* 99 Conn. 103, 107, 121 A. 657; *United States* v. *Toner,* 173 F.2d 140, 142 (3d Cir.); 2 Wharton, Criminal Evidence (12th Ed.) § 439. This is so because a plea of guilty is, in effect, merely a confession of guilt which, having been made by one of those charged with the crime, can be no more than hearsay as to another who is so charged. *State* v. *Gargano,* supra, 108.

The trial court in its charge attempted to eliminate the harmful effect which might have been produced by its evidential ruling by instructing the jury that the testimony of Cohen, Lemieux and Muravnick regarding their pleas of guilty was for the purpose of establishing their status as witnesses for the state and was not to be considered by the jury as evidence that anybody else had committed the crime of conspiracy. An erroneous ruling may be rendered harmless by an instruction correcting it. The instruction given, however, was not correct, because the evidence was inadmissible even for the

limited purpose mentioned by the court. The reason why Cohen, Muravnick and Lemieux were appearing as witnesses for the state could have been shown, if necessary, by asking them whether they were willing, although charged in the indictment, to testify. See *State* v. *McLaughlin,* 126 Conn. 257, 261, 10 A.2d 758. "It is necessary for the State to prove the whole case against any accused, in spite of a confession by plea of guilty by one jointly charged with the accused." *State* v. *Gargano,* supra, 108. This is not to say, however, that evidence of a plea of guilty by one who was charged jointly with an accused and who is produced as a witness by the state would not be admissible if it was offered by the accused, or elicited by him on cross-examination, to attack the credibility of the witness; or that if such a witness was produced by the defense, the evidence would not be similarly admissible on an offer by the state. See General Statutes § 52-145; *State* v. *Van Allen,* 140 Conn. 39, 41, 97 A.2d 890; *State* v. *Robington,* 137 Conn. 140, 144, 75 A.2d 394; *State* v. *Palko,* 121 Conn. 669, 677, 186 A. 657. In the present case, to convict the defendant, the state first had to establish a conspiracy. The evidence in question, as it was offered and admitted, not only was improper but was highly prejudicial. The ruling was erroneous and harmful and necessitates a new trial. *State* v. *Loughlin,* 149 Conn. 21, 26, 175 A.2d 367; note, 48 A.L.R.2d 1016, 1023.

Two other errors claimed by the defendant need consideration because they concern matters which may arise in a new trial. Before the jury were called, the defendant moved that the state's witnesses be sequestered. The court denied the motion. Sequestration of witnesses, or, as it is referred to

in some jurisdictions, "putting them under the rule," is not demandable as a right but rests in the discretion of the trial court. *State* v. *Palm,* 123 Conn. 666, 675, 197 A. 168; *Blodgett* v. *Cosgrove,* 117 Conn. 301, 306, 167 A. 925; *State* v. *Chapman,* 103 Conn. 453, 473, 130 A. 899; 6 Wigmore, Evidence (3d Ed.) p. 359 n.4. The court's action is subject to review and reversal for abuse of discretion. *State* v. *Chapman,* supra; *People* v. *Dixon,* 23 Ill. 2d 136, 140, 177 N.E.2d 206; *Moore* v. *Commonwealth,* 323 S.W.2d 577, 578 (Ky.); *State* v. *Carter,* 206 La. 181, 187, 19 So. 2d 41; *Commonwealth* v. *Turner,* 371 Pa. 417, 429, 88 A.2d 915, 32 A.L.R.2d 346; *State* v. *Williams,* 226 S.C. 525, 530, 85 S.E.2d 863. The obvious purpose of sequestering a witness while another is giving his testimony is to prevent the one sequestered from shaping his testimony to corroborate falsely the testimony of the other. *Commonwealth* v. *Turner,* supra, 427; 6 Wigmore, op. cit. § 1838. Courts not infrequently grant sequestration in a criminal case. *People* v. *Dixon,* supra; *State* v. *Williams,* 29 N.J. 27, 46, 148 A.2d 22; see *People* v. *Cooke,* 292 N.Y. 185, 190, 54 N.E.2d 357; note, 32 A.L.R.2d 358. Circumstances, however, may warrant the denial of a motion for sequestration. For example, a denial was held not to be an abuse of discretion when it had been publicized that a potential government witness had stabbed himself after receiving threats; *United States* v. *Postma,* 242 F.2d 488, 494 (2d Cir. 1957), cert. denied, 354 U.S. 922, 77 S. Ct. 1380, 1 L. Ed. 2d 1436; when there was no place for the sequestered witnesses to wait except in a cold and disagreeable hall; *State* v. *Foster,* 349 S.W.2d 922, 923 (Mo. 1961); and when sheriffs who were also witnesses had duties to perform in the courtroom. *State* v. *Palmer,* 227 La.

691, 709, 80 So. 2d 374 (1955); *Baker* v. *State,* 306 P.2d 344, 345 (Okla. 1957). A motion for sequestration, if it is to be granted, should satisfy certain minimal requirements. It must be seasonably made. *Kaufman* v. *United States,* 163 F.2d 404, 409 (6th Cir.), cert. denied, 333 U.S. 857, 68 S. Ct. 726, 92 L. Ed. 1137, rehearing denied, 333 U.S. 878, 68 S. Ct. 896, 92 L. Ed. 1154; *Crews* v. *Kansas City Public Service Co.,* 341 Mo. 1090, 1102, 111 S.W.2d 54. It must be specific and supported by sound reasons. *Commonwealth* v. *Turner,* supra, 430; *State* v. *Williams,* supra, 530. It must appear probable, for example, that if the witnesses sought to be sequestered were to hear one another's testimony, they would attempt falsely to give corroborating testimony. *Charles* v. *United States,* 215 F.2d 831, 833 (9th Cir.); *Music* v. *Commonwealth,* 186 Ky. 45, 51, 216 S.W. 116. If these conditions are met, a denial of the motion could constitute an abuse of discretion and be reversible error if the denial is shown to have been prejudicial. *State* v. *Chapman,* 103 Conn. 453, 473, 130 A. 899; *State* v. *Carter,* supra.

In the instant case, seven persons besides the defendant were charged jointly in the information. Kania appears to have been tried with the defendant. Cohen, Muravnick and Lemieux pleaded guilty and testified for the state. What disposition was made of the remaining three does not appear. Nor does it appear of record that, when Cohen or Muravnick or Lemieux was giving his testimony, either or both of the others were present in the courtroom to hear it. If we are to consider a claim of error in the denial of a motion to sequester witnesses, the finding presenting the ruling must show that the witnesses whose sequestration was sought

were present in the courtroom so that each could hear the testimony of the other. See *Charles* v. *United States,* 215 F.2d 825, 828 (9th Cir.).

During the cross-examination of Cohen, the defendant requested that a statement Cohen had made to the police be given to the defendant for his use in the cross-examination. The court, after examining the statement, denied the request. It is within the discretion of the court to grant or deny a defendant the right to inspect statements of the state's witnesses in the possession of the state's attorney. *State* v. *Pambianchi,* 139 Conn. 543, 548, 95 A.2d 695; *State* v. *Zimnaruk,* 128 Conn. 124, 127, 20 A.2d 613; *State* v. *Hayes,* 127 Conn. 543, 602, 18 A.2d 895. The defendant urges that we adopt the rule of *Jencks* v. *United States,* 353 U.S. 657, 668, 77 S. Ct. 1007, 1 L. Ed. 2d 1103, to the effect that pretrial statements, after they have been shown to be relevant, are demandable as of right. The Supreme Court of the United States was divided on this issue. Shortly after the decision was announced, the Congress enacted the so-called Jencks Act, which severely limited the effect of the decision. 71 Stat. 595, 18 U.S.C. § 3500. The trial court in the case at bar followed the procedure laid down in our cases, and there was no abuse of discretion. We see no reason for changing our rule.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.