STATE OF CONNECTICUT v. JOHN F. COCHEO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-1686

Argued October 11, 1962—decided February 13, 1963

*Robert Satter* and *Karl Fleischmann,* both of Hartford, for the appellant (defendant).

*James R. Burton,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J.   The defendant was found guilty, after a trial to the jury, of wilful injury to personal property in violation of § 53-126 of the General Statutes.   In his appeal, the defendant assigns a single error—that the court erred in denying the request of defendant's attorney, in the course of cross-examination of the state's witness, Edward Hawley, for permission to see a statement previously given by the witness to the police.

The facts may be summarized as follows:   On August 13, 1961, Hawley, together with Jack Gasiorowski, stole an automobile in Newington and drove it to Beckley's quarry in Berlin, where they attempted to push the car off a cliff.   Later, they enlisted the help of the defendant and two others, John Lyman and Anthony Palombizio.   The latter drove the defendant's automobile, with the defend-

ant as a passenger, to the scene of the crime. Hawley testified that the defendant was not only present but helped push the stolen car over the cliff. This testimony was contradicted by the defendant, who testified in his own behalf. Since Hawley's testimony was most damaging to the claim of the defendant of nonparticipation, defense counsel, in order to impeach Hawley's credibility, sought to obtain from the prosecutor a statement purported to have been given by Hawley to the police in the course of their investigation. No reason for the claim was stated, nor was it asserted that, in the belief of counsel, the statement contained declarations of the witness, previously made, which were inconsistent with his present testimony. The defendant demanded to see the alleged statement as a matter of right on the ground that a communication of the police department, in the possession of the prosecutor, was not privileged and the defendant was entitled to inspect it. The court denied the request. "It is within the discretion of the court to grant or deny a defendant the right to inspect statements of the state's witnesses in the possession of the state's attorney. *State* v. *Pambianchi,* 139 Conn. 543, 548 . . . ; *State* v. *Zimnaruk,* 128 Conn. 124, 127 . . . ; *State* v. *Hayes,* 127 Conn. 543, 602 . . . . The defendant urges that we adopt the rule of *Jencks* v. *United States,* 353 U.S. 657, 668 . . . to the effect that pretrial statements, after they have been shown to be relevant, are demandable as of right. The Supreme Court of the United States was divided on this issue. Shortly after the decision was announced, the Congress enacted the so-called Jencks Act, which severely limited the effect of the decision. 71 Stat. 595, 18 U.S.C. § 3500. The trial court in the case at bar followed the procedure laid down in our cases, and there was no abuse of discretion. We see no reason for changing our

rule." *State* v. *Pikul,* 150 Conn. 195, 202; see *State* v. *Roy,* 23 Conn. Sup. 342.[1]

It has been variously stated that the rule denying examination of such prior statements of a state's witness to the defendant as a matter of right is based on public policy, the informer privilege, or the attorney-client privilege. See 8 Wigmore, Evidence §§ 2374, 2375 (McNaughton Rev. 1961) and cases cited. Much of the defendant's argument in this case is devoted to a denial of any attorney-client privilege between the prosecutor and the police department and with that we agree. That point was perhaps inadvertently interposed during the trial and had no significance in the claim of the defendant to inspect the statement as a matter of right. Our rule is based on public policy and is derived not so much from any absolute privilege of nondisclosure as from a basic rule of evidence applicable not only in criminal prosecutions but also in civil cases. Thus, where a party in a civil action is required to produce a document in response to a subpoena duces tecum, the document so produced may not be examined by the opposing party as a matter of right. It is within the sound discretion of the court, after first inspecting the document, to permit or refuse examination by opposing counsel, and this discretion is not reviewable when properly exercised. "In the exercise of this discretion the paper should not be subjected to the inspection of opposing counsel unless it serves some legitimate purpose, such as refreshing the recollection of the witness, or contradicting his testimony. If the report contains matter not proper for opposing counsel to have and other matter which is relevant and

---

[1] This case was heard and considered before the decision in *State* v. *Pikul* was published. The earnest and well-presented briefs of counsel for Cocheo deserve further notice of matters therein presented.

proper, the court may require the party in possession to furnish opposing counsel a copy of the proper portion. It should not be submitted to opposing counsel if the court is satisfied that the latter is merely on a 'fishing expedition' to procure evidence." *Hurley* v. *Connecticut Co.*, 118 Conn. 276, 284; *State* v. *Hayes*, 127 Conn. 543, 601. Thus, if defense counsel had sought production of the requested statement by process of subpoena, he would not have been in a different position from that in which the document was demanded because it was in the immediate possession of the prosecutor. See *Banks* v. *Connecticut Ry. & Lighting Co.*, 79 Conn. 116, 119.

Fundamentally, the rule rests on the principle of reciprocal opportunity to gain information within the possession of an adversary through compulsory production, disclosure or discovery. Because of the constitutional safeguards which protect an accused against self-incrimination, no such reciprocity can exist in a criminal case. The state has no power to probe the files of defense counsel and, in the fair conduct of a trial, reciprocal power cannot be granted to the accused. Our rules in civil cases have made possible not only advance estimates of an opponent's case but also pretrials of a limited scope. See Practice Book §§ 72-79 & "Order on Trial, Pretrial and Assignment Procedures" §§ 1-11 (1962). These rules are not applicable in criminal cases, and we have no statutory provisions which require the listing of witnesses or permit obtaining the tenor of their testimony. See 6 Wigmore, Evidence (3d Ed.) §§ 1855, 1855b.

The rule restated in *State* v. *Pikul*, supra, is not as rigorous as that of the common law, and the procedure to be followed has been made plain. If the defendant has reason to believe that a witness

under examination had made a prior statement to the police or to the prosecuting authority which was contradictory to or inconsistent with his testimony, the defendant may request that the statement be produced for examination by the court; its further use, if any, for the purpose of affecting the credibility of the witness rests in the sound discretion of the court.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.