**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry S. BARNES, Defendant-Appellant.**

No. 77-1634.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 11, 1978.

Decided June 23, 1978.

Edwin R. McCullough, Chicago, Ill., for defendant-appellant.

David T. Ready, U. S. Atty., South Bend, Ind., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, BAUER, Circuit Judge, and EAST, Senior District Judge.*

BAUER, Circuit Judge.

After a jury trial, Barnes was found guilty of two counts of passing forged money orders in violation of 18 U.S.C. § 500 and was sentenced to concurrent terms of five years' imprisonment. On appeal, he contends that the evidence was insufficient as a matter of law to establish that he knew the money orders were stolen or forged, and thus that he passed the orders with intent to defraud. We disagree and affirm his conviction for the reasons noted below.

I.

The evidence presented at trial unequivocally showed that Barnes passed two stolen money orders that had been issued by use of a money order machine and validating stamp also stolen from the United States Postal Service. It was Barnes's theory of defense at trial that he did not know that the money orders had been stolen and forged. According to him, a man named "Jim" had given him the blank money orders in repayment for a loan and had told him that he could put any names he wanted on the orders as payors and payees. Barnes in fact did fill out the orders with the names of a fictitious payor and payee, and then negotiated the orders by endorsing them in the name of the fictitious payee.

In support of his contention that the evidence was insufficient as a matter of law to sustain his convictions, Barnes principally relies on *United States v. Kelley*, 186 F.2d 598, 602 (7th Cir. 1951), wherein the court noted that the mere passing of a counterfeit note was insufficient in itself to establish that the defendant knew the note was forged and thus had passed it with intent to defraud.

We, of course, have no quarrel with the *Kelley* court's observation that the mere passing of a counterfeit instrument, without more, is insufficient in itself to establish beyond a reasonable doubt that the defendant knew the instrument to be counterfeit and thus passed it with intent to defraud. As the court also observed in that case, however, guilty knowledge and intent to defraud can rarely be established by direct evidence and thus must often be inferred from the facts and circumstances of record. In the case at bar, the evidence showed much more than the mere passing of a forged money order, for the defendant had not only passed the order but also had endorsed it in the name of a fictitious payee after having made the order out to the payee in the name of a fictitious payor. From the evidence the jury could properly infer that Barnes knew the money order he had made out was stolen or forged, just as the *Kelley* jury properly inferred that the defendant must have known the note to be counterfeit because of the defendant's efforts to conceal and destroy the other counterfeit notes in his possession. See *id.* at 603. Moreover, no *inference* of guilty knowledge was even necessary in this case because the defendant admitted to having falsely endorsed the orders in the name of the fictitious payee to whom he had made the order out. He thus must have known that a material signature and endorsement on the orders was false.* 18 U.S.C. § 500. We hold that the evidence was more than sufficient as a matter of law to sustain the jury's finding that the defendant passed the

---

* The Honorable William G. East, United States District Court for the District of Oregon, is sitting by designation.

* Defendant's contention that his endorsement of the orders in the name of a fictitious payee was not a materially false signature is frivolous. Nothing could be more materially false than

the purported endorsement of a fictitious payee. See *United States v. Ackerman*, 393 F.2d 121 (7th Cir. 1968); *United States v. Di Pietrorantonio*, 289 F.2d 122 (2d Cir. 1961); *Hanson v. United States*, 271 F.2d 791 (9th Cir. 1959).

orders with intent to defraud and knowledge that a material signature thereon was false.

Accordingly, the district court's judgment is

AFFIRMED.